**In the Matter of INTERCO INCORPORATED, et al., Debtors.**

**Bankruptcy No. 91-40442-172.**

United States Bankruptcy Court, E.D. Missouri, E.D.

July 5, 1991.

See also 128 B.R. 229.

Bryan, Cave, McPheeters & McRoberts, Gregory D. Willard, Lloyd A. Palans, John G. Boyle, and Carl J. Spector, St. Louis, Mo., for debtors-in-possession.

Leonora S. Long, Atty.–Advisor, James S. Cole, Asst. U.S. Trustee, St. Louis, Mo., for trustee.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

This matter has come before this Court on the *Motion of Debtors and Debtors-in-Possession for Order Clarifying Order Authorizing Maintenance of Cash Management Systems and Continued Use of Certain Existing Bank Accounts, Investment and Deposit Guidelines and Certain Business Forms* (the "Motion"). The Court has heard the Motion and the arguments of counsel for the Debtors and Debtors-in-Possession (collectively, the Debtors) in support thereof and the statements of all other parties appearing in Court in connection therewith. The Court has determined that due and appropriate notice of the Motion and the hearing thereon has been given; and that the Court has jurisdiction over this matter pursuant to 28

U.S.C. §§ 157 and 1334 and Local District Court Rule 29.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

Upon consideration of the record as a whole, the Court now enters the following determination and orders:

1. Debtors seek an Order exempting them, in part, from the requirements of 11 U.S.C. § 345(b).

2. Section 345(b) requires:

Except with respect to a deposit or investment that is insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States, the trustee shall require from an entity with which such money is deposited or invested—

(1) a bond—

(A) in favor of the United States;

(B) secured by the undertaking of a corporate surety approved by the United States trustee for the district in which the case is pending; and

(C) conditioned on—

(i) a proper accounting for all money so deposited or invested and for any return on such money;

(ii) prompt repayment of such money and return; and

(iii) faithful performance of duties as a depository; or

(2) the deposit of securities of the kind specified in section 9303 of title 31.

3. Debtors seek to waive the requirements of 11 U.S.C. § 345(b) because they allege that "requiring the foreign institutions and the domestic institutions at which the debtors maintain balances in excess of $100,000 to comply at all times and literally with the requirements of Section 345(b) will likely (i) significantly disrupt the cash flow operations of Debtors and (ii) result in substantial additional and unnecessary costs to the Debtors' estates." (Debtors' Motion at 5, April 22, 1991).

4. As authority, Debtors have provided copies of orders in which other courts have permitted Chapter 11 debtors to operate under investment guidelines which do not strictly comply with Section 345(b) including: *In re The Southland Corporation,* Case No. 390–37119–HCA–11 (Bankr.N.D.Texas December 3, 1990); *In re Circle K Corporation,* Nos. 90–5052 PHX to 90–5075 PHX–GBN (Bankr.Az. November, 1990); *In re Pan Am Corporation,* Nos. 91 B 10090 to 91 B 10097 (CB) (Bankr.S.D.N.Y.1991); *In re Ionosphere Clubs Inc.,* No. 89 B. 10448 (BLR) (Bankr. S.D.N.Y.1990); *In Re Continental Airlines, Inc.,* Nos. 90–932 to 980 (Bankr.Del. December 3, 1990); *In re Federated Department Stores,* Nos. 1–90–00130 to 1–90–00196, (available on WESTLAW, FBKR–FDS database: Comp. 22) (Bankr. S.D.Ohio, W.D. January 15, 1990); and *In re Anglo Energy Ltd.,* No. 83 B 1164 to 83 B 11616 (EJR) (Bankr.S.D.N.Y. May 7, 1984). To the extent these unpublished orders provide any authority for Debtors' Motion, they are distinguishable from the matter being considered here.

5. The orders entered in the cases cited by the Debtors permit some flexibility in interpreting Section 345(b). However, that flexibility is not as great as that suggested by the Debtors. In particular, the investment guidelines attached to the orders have generally required that additional monitoring and monthly reports be provided to the official committees and the United States Trustee. See *In re Continental Airlines,* supra at 2; *In re Anglo Energy Limited,* supra at 2; *In re Pan Am Corporation,* supra at 2. See also *In re Circle K Corporation,* supra, Investment Guidelines at 2. (The official committees "shall have the right to review and approve specific banks from which the Debtors desire to purchase certificates of deposit or the other types of securities described in this paragraph.")

6. Furthermore, the orders referred to by Debtors have also generally required the funds to be deposited in financial institutions with a specified capital surplus amount. See *In re Circle K Corporation,* supra at 2 (stating that funds were to be invested in "a domestic commercial bank having combined capital and surplus in excess of $100,000,000 . . . ."); *In re Federated Department Stores,* supra, Exhibit M

(stating that investments in commercial paper were to be from an "issuer [which] has a credit rating of A1P1 or its equivalent and has combined capital and surplus of at least $1 billion.").

7. Further, it is noted that even though the court in Southland permitted debtor to maintain deposits in financial institutions rated "C", the investment guidelines attached to the order apparently did not provide for investments in "C" rated banks. Rather, the lowest rated institution referred to is rated "B".

8. The pleadings and documents submitted by the Debtors do not provide information regarding the standards for various ratings which they propose to use.

9. In the motion, the Debtors refer to the fact that, although some banks will not agree to the federal requirements, certain other "banks which are willing to comply with the requirements of § 345(b) intend to post securities issued by agencies of the U.S. Government in addition to or instead of U.S. Treasury Bills/Notes/Bonds as demanded by the U.S. Trustee." (Debtors' Motion, supra at 6).

10. The U.S. Trustee has argued that "[s]o called 'agency securities' are not appropriate substitutes for a bond and do not comply with 11 U.S.C. § 345(b)." (U.S. Trustee's Objection to Debtors' Motion at 2, May 7, 1991).

11. Section 345 requires a bond or security *except* if the deposit or investment is "guaranteed by the United States or by a department, *agency*, or instrumentality of the United States...." 11 U.S.C. § 345(b) (emphasis added). Therefore, subject to further examination of the documentation, deposits which are guaranteed by United States Government agency securities may be excepted from the additional bonding requirements of Section 345(b).

12. Debtors seek special provisions for foreign banks. Specifically, they propose to establish maximum deposit levels as follows: "(a) With respect to each such foreign bank rated "B" or better by Thomson Bankwatch Inc., the aggregated value of deposits therein shall at no time exceed USD $1,000,000.00; and (b) With respect to each such foreign bank rated "C" or better by Thomson Bankwatch Inc., the aggregate value of deposits therein shall at no time exceed USD $150,000.00; and (c) Deposits at each such foreign bank rated "D" or less, or otherwise not rated, by Thomson BankWatch Inc. (except for Korean Exchange Bank), shall be collateralized in compliance with 11 U.S.C. § 345(b) if (i) the value of aggregate deposits therein shall, for five consecutive days, exceed USD $25,000.00, (ii) the value of aggregate deposits therein shall, at any time, exceed $50,000.00; and (d) Deposits at Korean Exchange Bank shall be collateralized in compliance with 11 U.S.C. § 345(b) if the value of aggregate deposits therein shall, at any time, exceed USD $50,000.00." (Debtors' Proposed Order at 2).

13. The Debtors have provided no authority for the request to treat foreign banks differently from domestic banks. Nor has the Court's independent research disclosed any precedent for such disparate treatment. Debtors have chosen to avail themselves of the protection of Chapter 11 pursuant to the United States Bankruptcy Code. Thus, even though Debtors maintain deposits in foreign banks, they must develop investment guidelines which provide for collateralization in compliance with Section 345(b).

Therefore,

IT IS ORDERED that this hearing is concluded: that the Debtors' Motion for Order Clarifying Order Authorizing Maintenance of Cash Management Systems and Investment and Deposit Guidelines and Certain Business Forms is, consistent with this Order, DENIED in that the Debtors' request for a waiver of compliance with 11 U.S.C. § 345(b) is DENIED.